**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

LORI L. DEFORD,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

Defendant.

No. 07-CV-274-SAJ

## OPINION AND ORDER[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff appeals the decision of the Commissioner denying supplemental security income under Title XVI of the Social Security Act. Plaintiff asserts that (1) the administrative law judge ("ALJ") violated her right to due process by citing to medical exhibits which are not in evidence; (2) the ALJ failed to perform a proper credibility determination; and (3) the ALJ failed to perform a proper determination at Step Five of the sequential evaluation process. For the reasons discussed below, the Court reverses and remands the Commissioner's decision for further proceedings consistent with this opinion.

## 1. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Lori L. DeFord, was born on January 11, 1977, and was 28 at the time of the hearing. [R. 18]. She graduated from high school, where she attended special education classes. [R. 18, 74]. She has been unable to work on a regular basis since 1998 and has no past relevant work. [R. 18, 69, 77-84]. Plaintiff alleges that she became unable

[1] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

to work due to attention deficit/hyperactivity disorder ("ADHD"), severe manic depression, and bipolar disorder. [R. 68]. She has required hospitalization on numerous occasions as a result of these impairments. [R. 221-250, 284-291, 294-358]. She claims to have manic episodes, difficulty sleeping, poor judgment, crying spells, social withdrawal, feelings of worthlessness, and memory problems as a result of her mental impairments. [R. 68, 76, 85, 86, 89]. Plaintiff takes medication to deal with these problems, but states that they cause her to become disoriented and drowsy. [R. 85]. She has been known to abuse illegal drugs from time to time and is not always compliant with her treatment regimen. [R. 314-315, 391-392]. Additionally, she has complained of lower back pain and had a pregnancy complicated by a kidney blockage which required surgery to correct. [R. 107-219]. Plaintiff has previously filed for supplemental security income, but her prior applications were denied. [R. 384].

Plaintiff protectively filed an application for supplemental security income benefits on July 30, 2003. [R. 47-50]. The Commissioner initially denied her application on December 3, 2003, [R. 35] and, on reconsideration, denied it again on April 12, 2004. [R. 36]. She then filed a Request for Hearing Before an ALJ on May 26, 2004, [R. 43] and ALJ Gene M. Kelly held a hearing on June 14, 2005. [*See* R. 379-407]. On December 28, 2005, ALJ Kelly concluded that Plaintiff had not been under a disability, as defined by the Social Security Act, at any time throughout the date of his decision. [R. 25-26]. Plaintiff then filed a Request for Review of Hearing Decision on January 10, 2006, [R. 12-13] and the Appeals Council denied her request on March 9, 2007. [R. 5-8]. Plaintiff now seeks judicial review.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[2]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[3] as to any fact, if supported by substantial evidence, shall be conclusive, . . ." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The

[3] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L No. 103-296. For the purposes of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner".

Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

**3. ADMINISTRATIVE LAW JUDGE'S DECISION**

The ALJ found that (1) Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (2) Plaintiff's bipolar disorder, depression, anxiety, attention deficit/hyperactivity disorder, substance abuse, and personality disorder are considered "severe"; (3) Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.; (4) Plaintiff's allegations regarding her limitations were not totally credible; (5) Plaintiff has a residual functional capacity ("RFC") to perform medium exertional work activity and, with regards to her mental limitations, can perform simple, repetitive and routine tasks and have only minimal contact with her co-workers, supervisors and the general public; (6) Plaintiff is a "younger individual" with a high school education and no past relevant work; and (7) although claimant's exertional limitations do not allow her to perform the full range of medium work, there are a significant number of jobs in the national or regional economy that she could perform. [R. 24-25]. Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time through the date of his decision. *Id*.

**4. REVIEW**

Plaintiff contends that the ALJ erred because he did not perform a proper credibility determination.[4] Specifically, Plaintiff alleges that the ALJ failed to apply the proper

---

[4] Because the Court finds cause for remand based on this argument, the Court declines to address the additional arguments set forth by Plaintiff.

standard of proof when making his determination of the credibility of her statements regarding her activities of daily living. Furthermore, she alleges that the ALJ failed to support his conclusions regarding Plaintiff's credibility with substantial evidence. Determinations of a claimant's credibility are the province of the ALJ, and courts will not disturb such determinations when they are based on substantial evidence. *Hackett v. Barnhart*, 395 F.3d 1169, 1173 (10th Cir. 2005). Additionally, an ALJ's credibility determinations should be closely and affirmatively linked to substantial evidence rather than a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

In his decision, the ALJ laid out the objective medical evidence and opinions and acknowledged Plaintiff's testimony and reports of her activities and alleged functional limitations. [R. 19-23]. After reviewing the evidence, the ALJ concluded, among other things, that although Plaintiff had described her daily activities as being fairly limited, there were other factors which outweighed her allegations. Specifically, he found that Plaintiff's allegations that her activities of daily living were limited "cannot be objectively verified with any reasonable degree of certainty." [R. 23]. Additionally, he concluded that

> [e]ven if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are considered to be outweighed by other factors discussed in this decision.

*Id.*

The ALJ erred in his determination of Plaintiff's credibility at this point in three respects. First, he applied the wrong standard of proof in coming to his conclusion that Plaintiff's statements regarding her activities of daily living were not credible. Objective

verifiability is not the standard that is to be used by an ALJ when making determinations as to the credibility of a claimant. *Swanson v. Barnhart*, No. 06-5024, 2006 WL 2147557 at **2 (10th Cir. Aug. 2, 2006)(unpublished).[5] Instead, the ALJ is to rely on evidence which is both substantial and closely and affirmatively linked to the claimant's credibility when making such a determination. *Kepler v. Chater*, 68 F.3d 687, 691 (10th Cir. 1995). In finding that the claimant's alleged limitations in her daily activities "cannot be objectively verified with any reasonable degree of certainty," the ALJ improperly required that his determination of Plaintiff's credibility be supported by evidence in the record which could meet that standard. Rather, he should have based his decision on evidence from the record which is substantial and then closely and affirmatively linked that evidence to Plaintiff's credibility. Therefore, the ALJ committed a legal error, as he applied an improper standard of proof in making his determination of Plaintiff's credibility. An ALJ's decision must not contain any legal errors. *Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir. 1997).

Second, although the ALJ laid out his findings regarding certain aspects of Plaintiff's credibility, he failed to specify which "other factors" or "other reasons" in the decision he relied on in coming to his conclusion that Plaintiff's statements were not entirely credible. [R. 23]. The ALJ's failure to specify what "other factors" or "other reasons" he relied on in making his determination leaves the Court to speculate as to which specific factors or reasons in his discussion lead him to conclude that Plaintiff's statements about her

---

[5] The Court recognizes that "[u]npublished decisions are not precedential, but may be cited for their persuasive value." 10 Cir. R. 32.1. The Court has not been able to find a case in the published opinions of the Tenth Circuit more on point regarding an ALJ erroneously applying "objective verification with any reasonable degree of certainty" as the standard of proof when making a credibility determination.

activities of daily living were not credible. *See Swanson*, 2006 WL 2147557, at **3. His statements in this regard are not clearly and affirmatively linked to any substantial evidence in the record. Rather, they are just simple boilerplate language. The ALJ's use of boilerplate language, rather than substantial evidence that is closely and affirmatively linked to his conclusion, fails to inform the Court "in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that Plaintiff's statements were not credible." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). Thus, the ALJ's failure to specify the "other factors" or "other reasons" in the decision on which he relied and which he felt outweighed Plaintiff's testimony precludes the possibility of conducting an effective review. *See id.*

Third, the ALJ failed to provide an explanation as to how or why he came to his conclusion that the medical evidence used to support Plaintiff's contention that she is disabled is "relatively weak." Plaintiff's mental disorders are well documented at multiple places in the record. [R. 222, 285, 294, 297, 315]. Additionally, the ALJ noted in his decision that she was diagnosed on more than one occasion as having bipolar disorder and drug dependence issues. [R. 21]. The ALJ offered no evidence in his decision to support his statement that the medical evidence is "relatively weak." [R. 23]. *See Swanson*, 2006 WL 2147557, at **3 (ALJ erred by concluding that medical evidence was "relatively weak" without giving an explanation). An ALJ's findings regarding a claimant's credibility "should be closely and affirmatively linked to substantial evidence, rather than just a conclusion in the guise of findings." *Kepler*, 68 F.3d at 391 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988)). Accordingly, the ALJ erred here because, rather than supporting

his conclusion that the medical evidence in this case was "relatively weak" with substantial evidence, he just stated his conclusion in the guise of a finding.

## **5. CONCLUSION**

The Commissioner's decision denying Plaintiff's application for Social Security benefits does not apply the proper legal standards and is not supported by substantial evidence. Accordingly, the Court reverses and remands the Commissioner's decision for further proceedings consistent with this opinion. On remand, the ALJ should apply the proper legal standard in making his determination of Plaintiff's credibility and support his conclusions in that regard with substantial evidence.[6]

It is so ordered on this 19th day of June, 2008.

Sam A. Joyner
United States Magistrate Judge

[6] Additionally, the ALJ may wish to have the record reopened for the inclusion and discussion of additional evidence, as he cites to and discusses exhibits and evidence which are not currently part of the record in making his determination that Plaintiff is not disabled and that her testimony regarding the limitation of her activities of daily living is not credible. [R. 19, 22-23]. *See 20 C.F.R § 404.953(a)*(An ALJ's decision "must be based on evidence offered at the hearing or otherwise included in the record.").